UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

JOSEPH PAPERNY on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

        -against-


FORSTER & GARBUS LLP

                    Defendant.


_____

## CLASS ACTION COMPLAINT

### *Introduction*

1.      Plaintiff Joseph Paperny seeks redress for the illegal practices of Forster & Garbus LLP

in which it unlawfully engaged in the collection of consumer debts in violation of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2.      Plaintiff is citizen of the State of New York who resides within this District.

3.      Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the

FDCPA.

4.      The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

debt.

5.      Upon information and belief, Defendant's principal place of business is located within

Dallas, Texas.

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

-1-

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Joseph Paperny*

10.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.    On or about November 19, 2013, March 28, 2014 and June 6, 2014, Defendant sent collection letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3). Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same), Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

12.    The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription,

including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

13.    The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993), See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

14.    The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., *Avila*, 84 F.3d at 229. The same result is obtained here.

15.    Although Forster & Garbus LLP may technically be a law firm, it was not acting in the

capacity of a law firm with respect to the said letters. The inclusion of "Attorneys at Law" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communications came from a law firm in a practical sense, when it did not.

16. If Forster & Garbus LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.

See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.), Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

17. The Defendant printed and mailed, or caused to be printed and mailed, letters to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which

Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

18. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letters to Plaintiff.

19. Defendant mails, or causes the mailing of, thousands of collection letters like the ones sent Plaintiff without conducting any meaningful review of the accounts.

20. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

21. The said letters are standardized form letters.

22. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

23. The said June 6, 2014 letter also stated in pertinent part as follows: "Our client will report forgiveness of debt as required by IRS regulations."

24. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.
Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

25. Advising Plaintiff that the Defendant's client, Midland Funding LLC, "will report forgiveness of debt as required by IRS regulations," is deceptive and misleading in violation of the FDCPA.

Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

26. Here, there is no basis to conclude that a triggering event has or will occur requiring the creditor to file a Form 1099-C for forgiveness of debt.

27. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

28. Said letter violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that "Our client will report forgiveness of debt as required by IRS regulations." Such a statement is objectively false. Forgiveness of debt may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on an 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

29. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

30. In addition, the debtor's alleged amount due in the June 6, 2014 letter was only $576.41, therefore it is in fact unlikely that there will be a forgiveness of over $600.

31. Said letter's language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

32. Said letter is false and deceptive in that it falsely implies to the least sophisticated

consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

33.    Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

34.    The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

35.    Said letter violated 15 U.S.C. § 1692e, §§ 1692e(l0) and § 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that it " is required to file Form 1099-C with the IRS for any indebtedness of $600.00 or more which is forgiven" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

36.    Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

37. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

38. The Defendant's letter gives consumers objectively false and deceptive tax advice.

39. The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

40. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

41. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

42. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

43. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). (This includes a statement that a 1099 must be issued when a 1099 is not required.); Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). (Many classes have been certified.), see Sledge v. Sands, 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and

application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

44.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty three (43) as if set forth fully in this cause of action.

45.    This cause of action is brought on behalf of Plaintiff and the members of two classes.

46.    Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to Midland Funding LLC; and (b) that the collection letters used an attorney letter head which represented that the letter was sent from a law firm in a practical sense, but which failed to qualify that the debt had not been reviewed by an attorney; and (c) the collection letters were not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

47.    Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Midland Funding LLC; and (b) the collection letter was not returned or undelivered by the post office; and (c) the Plaintiff asserts that the

letter contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

48.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)  Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)  There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)  The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)  The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

49.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

50.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

51.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

52.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

53.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)      Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b)      Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)      Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 19, 2014


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

60 Motor Parkway
Commack, NY 11725-5710
·P338559747159DJ··



**PERSONAL & CONFIDENTIAL**

1 1 00000254
337130

**FORSTER, GARBUS & GARBUS**
**Attorneys at Law**

Ronald Forster Adm. in NY Only
Mark A. Garbus Adm. in NY Only
Glenn S. Garbus Adm. in NJ, CT & NY

 November 19, 2013

BALANCE DUE as of November 19, 2013 ▸ $576.41
Reference Number ▸ P338559747159
Account Number ▸ XXXXXX7159
Re ▸ **MIDLAND FUNDING LLC**
**AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WEBBANK**

1-877-319-6837
1-877-319-6846Ext. 217
**Representative Name: MS. FULLER**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM *EST*

JOSEPH PAPERNY
355 YORKSHIRE PL
MORGANVILLE NJ 07751-1748

Dear Joseph Paperny,

Please contact our office upon receipt of this letter with regard to the above matter.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

Office Location:  7 Banta Place
Hackensack, NJ 07601-5604

▴ DETACH HERE ▴

MAKE CHECK PAYABLE TO: *FORSTER, GARBUS & GARBUS as attorneys* AND RETURN COUPON WITH PAYMENT TO 60 MOTOR PARKWAY, COMMACK, NY 11725-5710 IN ENCLOSED ENVELOPE

JOSEPH PAPERNY
355 YORKSHIRE PL
MORGANVILLE NJ 07751-1748

BALANCE DUE as of November 19, 2013 ▸ $576.41
Reference Number ▸ P338559747159
Re ▸ **MIDLAND FUNDING LLC**
**AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WEBBANK**
Rep. Code ▸ 9C
Date ▸ November 19, 2013

➔ Please Note Current      BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

P338559747159





Forster, Garbus & Garbus
60 Motor Parkway
Commack, NY 11725-5710

FGGJ
FGGJ.V4
337130
Page 1 of 1

60 Motor Parkway
Commack, NY 11725-5710
.P338559747159DJ..

1 1 00000057
385777

**FORSTER, GARBUS & GARBUS**
*Attorneys at Law*

Ronald Forster Adm. in NY Only
Mark A. Garbus Adm. in NY Only
Glenn S. Garbus Adm. in NJ, CT & NY

## PERSONAL & CONFIDENTIAL

March 28, 2014

BALANCE DUE as of March 28, 2014 ▸ $576.41
Reference Number ▸ P338559747159
Account Number ▸ XXXXXX7159
Re ▸ MIDLAND FUNDING LLC
AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WEBBANK

1-877-319-6837
1-877-319-6846Ext. 355
Representative Name: ANY FGG REP
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

JOSEPH PAPERNY
355 YORKSHIRE PL
MORGANVILLE NJ 07751-1748

Dear Joseph Paperny,

Please contact our office upon receipt of this letter with regard to the above matter.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

Office Location:  7 Banta Place
Hackensack, NJ 07601-5604

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: *FORSTER, GARBUS & GARBUS as attorneys* AND RETURN COUPON WITH PAYMENT TO 60 MOTOR PARKWAY, Commack, NY 11725-5710 IN ENCLOSED ENVELOPE

JOSEPH PAPERNY
355 YORKSHIRE PL
MORGANVILLE NJ 07751-1748

BALANCE DUE as of March 28, 2014 ▸ $576.41
Reference Number ▸ P338559747159
Re ▸ MIDLAND FUNDING LLC
AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WEBBANK
Rep. Code ▸ 3C
Date ▸ March 28, 2014

➡ Please Note Current          BEST TIME TO CALL

Home Phone # _____  _____

Work Phone # _____  _____

Cell Phone # _____  _____

P338559747159

Forster, Garbus & Garbus
60 Motor Parkway
Commack, NY 11725-5710

FGGJ
FGGJ.V4
385777
Page 1 of 1

60 Motor Parkway
Commack, NY 11725-5710

.P338559747159DW7.

1 1 00000146
412229



**PERSONAL & CONFIDENTIAL**

  June 6, 2014

**FORSTER, GARBUS & GARBUS**
*Attorneys at Law*

Ronald Forster Adm. in NY Only
Mark A. Garbus Adm. in NY Only
Glenn S. Garbus Adm. in NJ, CT & NY

BALANCE DUE as of June 6, 2014 ▸ $576.41
Reference Number ▸ P338559747159
Account Number ▸ XXXXXX7159
Re ▸ MIDLAND FUNDING LLC
**AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WEBBANK**

1-877-319-6837
1-877-319-6846Ext. 561
**Representative Name: MR ADAMS**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

JOSEPH PAPERNY
355 YORKSHIRE PL
MORGANVILLE NJ 07751-1748

Dear Joseph Paperny,

This office has been authorized to advise you that a settlement of the above account can be arranged. To take advantage of this savings opportunity, please contact this office. Do not delay --- call this office to take advantage of this opportunity.

Our client will report forgiveness of debt as required by IRS regulations.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

Office Location:  7 Banta Place
Hackensack, NJ 07601-5604

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: *FORSTER, GARBUS & GARBUS as attorneys* AND RETURN COUPON WITH PAYMENT TO 60 MOTOR PARKWAY, Commack, NY 11725-5710 IN ENCLOSED ENVELOPE

JOSEPH PAPERNY
355 YORKSHIRE PL
MORGANVILLE NJ 07751-1748

BALANCE DUE as of June 6, 2014 ▸ $576.41
Reference Number ▸ P338559747159
Re ▸ **MIDLAND FUNDING LLC**
**AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WEBBANK**
Rep. Code ▸ 2C
Date ▸ June 6, 2014

→ Please Note Current    BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

P338559747159

Forster, Garbus & Garbus
60 Motor Parkway
Commack, NY 11725-5710

FGGW
FGGW.V4
412229
Page 1 of 1

7619